Stanton D. McIntyre, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 8, 1980, to Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Lydia Y. Kirkland,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 1, 1980:

Claimant Stanton McIntyre appeals from the decision of the Unemployment Compensation Board of Review (board), affirming the referee's decision that claimant was ineligible for benefits under Section 402 (b)(1) of the Unemployment Compensation Law,[1] 43 P.S. §802(b)(1), because he voluntarily terminated his employment with the Sun Transport Company (employer) without cause of a necessitous and compelling nature.

Claimant worked for employer, a marine shipping company, for approximately one-and-a-half years, spending his last month-and-a-half aboard the *Delaware Sun.* Claimant testified that his request to work a preferred split shift on the ship was refused by the captain, so that he was required to remain on a daylight shift which entailed in part some undesirable duties—cleaning toilet bowls.

Claimant admits that he voluntarily terminated his employment on October 21, 1977, but he alleges that the shift change refusal was based on racial discrimination. Such discrimination, if clearly demonstrated, is sufficient cause for quitting. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The record reveals no evidence of any racial references or racially motivated acts, other than claimant's allegation of discrimination in this solitary instance of assignment. As in *Watts v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 279, 410 A.2d 976 (1980), "the incidents which the claimant has related really do not establish that he was unjustifiably singled out for, or that there was any racial animus behind, the allegedly differential treatment he claims to have received." 49 Pa. Commonwealth Ct. at 279, 410 A.2d at 978.

. Moreover, claimant's failure to introduce such evidence is not relieved by his view that shift assignments were based on ship seniority. On the contrary, as the employer's representative testified and the board found, seniority is based upon tenure with the employer and not upon an employee's time aboard a particular vessel. Claimant has not successfully challenged that finding, nor does he assert that he was entitled to any preference under that policy.

Mindful as we are of the often subtle character of racial animus, we cannot hold on this record that the board capriciously disregarded competent evidence in concluding that claimant's voluntary termination was without cause of a necessitous and compelling nature.[2]

Accordingly, we will affirm.

ORDER

AND Now, this 1st day of October, 1980, the order of the Unemployment Compensation Board of Review (B-78-1-P-859) dated February 26, 1979 is affirmed.

---

[2] Because the decision below was against claimant, who bears the burden of proving cause of a necessitous and compelling nature, our review is restricted to a determination of whether or not there has been a capricious disregard of competent evidence in that hearing. *Watts, supra.*